# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

NASHIRE PAGAN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

MD NOW MEDICAL CENTERS, INC.,

    Defendant.

_____/

Case No. _____

[On Removal from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Case No. CACE-24-011958]

## MD NOW MEDICAL CENTERS, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant MD Now Medical Centers, Inc. ("MD Now") hereby removes the above-captioned action, *Nashire Pagan, individually and on behalf of all others similarly situated v. MD Now Medical Centers, Inc.*, Case No. CACE-24-011958 (the "State Court Action"), and all claims and causes of action therein, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, with reservation of all defenses and rights.  As shown below, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Pursuant to 28 U.S.C. § 1446(a), MD Now hereby states the following grounds for removal:

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

1.    On or about August 21, 2024, Plaintiff filed a Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-24-011958 (the "Complaint" or



LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 •  Miami, FL, 33131• Tel: 305 347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 •  Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954 384.2510
TAMPA  142 West Platt St., Ste.118 •  Tampa, FL, 33606 • Tel: 813 284.4002

"Compl."). A copy of the Complaint is attached at **Exhibit 2**.[1] In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the filings in the State Court Action other than the Complaint, including all process, pleadings, and documents, is attached as **Exhibit 3** and is incorporated by reference.

2. Plaintiff purports to bring this action on behalf of Plaintiff and a putative class of "[a]ll persons in the United States whose [personal health information] may have been compromised" during a data security incident that allegedly occurred on or about May 20, 2024 (the "Security Incident").[2]

3. The Complaint alleges four counts for: (1) negligence/negligence per se; (2) breach of implied contract; (3) breach of fiduciary duty; and (4) unjust enrichment.[3] The Complaint also states that it brings claims for violations of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUPTA"), but includes no count related to these alleged violations.[4]

4. On August 26, 2024, Plaintiff served MD Now with a copy of the Complaint.

5. In accordance with 28 U.S.C. § 1446(b), MD Now has timely filed this Notice of Removal within 30 days of the date on which MD Now was served with the Complaint.

## II. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

6. This Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d)(2), because (i) the aggregate number of proposed class members equals or exceeds 100, (ii) the aggregate amount in controversy exceeds $5 million, and (iii) there is minimal diversity, since at least one member of the proposed class, on the one hand, and MD Now, on the other, are

---

[1] The Civil Cover Sheet is attached as **Exhibit 1.**
[2] Compl. ¶ 166.
[3] *Id.* ¶ 13.
[4] *Id.*; *see generally*, Complaint.

2



citizens of different states. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

7. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Rather, a notice of removal must provide only "a short and plain statement of the grounds for removal" (28 U.S.C. § 1446(a)) that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied (*Dart Cherokee*, 574 U.S. at 89). Thus, while MD Now denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, CAFA's jurisdictional requirements are satisfied here.

### A. The Proposed Class Exceeds 100 Members

8. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). CAFA further requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

9. Here, Plaintiff sues individually and on behalf of a proposed class consisting of "[a]ll persons in the United States whose [personal health information] may have been comprised" during the Security Incident, pursuant to the Florida class action statute, Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).[5] Further, the Complaint alleges a proposed class whose numbers far exceed 100. According to the Complaint, the proposed class does not contain any geographic

---

[5] Compl.¶ 166. MD Now's officers and directors, and any entity in which MD Now has a controlling interest, as well as its agents are excluded from the class. *Id.* ¶ 167.

3


LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305 347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954 384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813 284.4002

limits[6] and expressly encompasses "thousands of individuals, if not more."[7] A similar putative nation-wide class action lawsuit (the "*Herman* Action") has been filed based upon the same events as this action and likewise alleges that the class consists of thousands of individuals.[8]

### B. The Amount In Controversy Exceeds $5 Million

10. MD Now denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here. Plaintiff's allegations are without merit, and class treatment is not appropriate. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

11. The Complaint does not allege the amount of damages that Plaintiff and the purported class have suffered. However, the Complaint alleges that Plaintiff and proposed class members are incurring and will continue to incur damages for:

> (a) invasion of privacy; (b) financial costs incurred mitigating the materialized risk and imminent threat of identity theft; (c) loss of time and loss of productivity incurred mitigating the materialized risk and imminent threat of identity theft; (d) financial costs incurred due to actual identity theft; (e) loss of time incurred due to actual identity theft; (f) deprivation of value of their PHI; (g) loss of the benefit of their bargain with Defendant; (h) emotional distress including anxiety and stress in dealing with the Data Breach's aftermath; and (i) the continued risk to their sensitive PHI . . . .[9]

12. The Complaint also notes that Plaintiff and the purported class suffered:

> concrete injuries in fact, including but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished

---

[6] *Id.* ¶ 166.
[7] *Id.* ¶ 169.
[8] *Herman v. MD Now Medical Centers, Inc.*, 24-cv-61704-RS, ECF No. 1-2 ("*Herman* Complaint") ¶¶ 1, 71. MD Now removed the *Herman* Action to federal court on September 14, 2024. *Herman* Action, ECF No. 1.
[9] Compl. ¶ 116.

4



value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to their Private Information.[10]

13. Plaintiff and the proposed class members further seek damages and equitable and injunctive relief requiring MD Now to "(a) disclose the full nature of the Data Breach and types of PHI exposed; (b) implement data security practices to reasonably guard against future breaches; and (c) provide, at [MD Now]'s expense, all Data Breach victims with lifetime identity theft protection services."[11] The value to Plaintiff and the proposed class of this requested equitable relief must be included in assessing the amount in controversy and is further evidence CAFA's jurisdictional threshold is satisfied. *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014).

14. The advertised monthly rates of credit monitoring services provided by the three national credit-reporting bureaus range from $16.95 to $19.95 per month at Equifax, $29.95 per month at TransUnion, and $24.99 per month at Experian. *See* **Exhibit 4**, which includes true and correct copies of excerpts from the websites of the three national credit-reporting bureaus as of September 2024. Based on Plaintiff's assertion of class-wide damages based on the purchase of identity protection and restoration services, even applying the lowest advertised rate among any of the three national credit-reporting bureaus of $16.95 per month, the Complaint places over $800,000 in controversy solely for two years of identity protection and restoration services alone, assuming there are at a minimum 2,000 class members (Plaintiff has alleged "thousands" of

---

[10] *Id.* ¶ 12.
[11] *Id.* ¶ 14.



members, "if not more" without further detail[12]). Plaintiff also seeks identity theft protection for each purported class member's "lifetime."[13] As such, the amount of damages sought for credit monitoring alone could exceed millions of dollars and is sufficient to establish CAFA jurisdiction.

15. Additionally, to the extent that Plaintiff alleges violations of FDUPTA (it is currently unclear based on the Complaint), Plaintiff's request for "attorneys fees, costs, and interest thereon" must also be taken into consideration.[14] *See Cohen v. Office Depot, Inc.*, 204. F.3d 1069, 1079 (11th Cir. 2000) (holding that attorneys' fees awarded under Florida Deceptive and Unfair Trade Practices Act are properly included in amount in controversy).

16. Plaintiff also alleges that MD Now unjustly received profits, benefits, and other compensation from the members of the putative class and seeks disgorgement, which also may be considered in assessing the amount in controversy.[15] *See Lorenzo v. MillerCoors LLC*, No. 16-20851-CV-KING, 2016 WL 9632955, at *2 (S.D. Fla. Jul. 21, 2016) (including "the monies for which Plaintiff seeks disgorgement" in assessing whether CAFA's $5 million amount in controversy was satisfied).

17. Additionally, in the *Herman* Action, the plaintiff there has alleged that "the aggregate damages sustained by the Class are in the *millions of dollars*."[16] (emphasis added). Given the similar nature of these actions, including the identical nature of the putative class

---

[12] *Id.* ¶ 169.
[13] *Id.* ¶ 14.
[14] *Id.* at Prayer for Relief(F).
[15] *Id.* ¶¶ 245-253 ("Plaintiff and the Class are entitled to restitution and disgorgement of profits, benefits, and other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.").
[17] *Id.* ¶ 15.



LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305 347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954 384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813 284.4002

identified in each complaint, this provides further support for the fact that the amount in controversy exceeds $5,00,000.

18.  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 547 U.S. at 89; *see also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("[A]ll that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  That is the end of the matter, unless the plaintiff contests, or the court questions, the defendant's allegation.") (alterations, internal quotation marks, and citation omitted).  Given that the potential class encompasses at least "thousands" of individuals, and that Plaintiff seeks various forms of recovery for all of them, MD Now has met its burden in showing that the amount in controversy as alleged exceeds $5 million.

### C. There is Minimal Diversity Among the Parties

19.  Finally, minimal diversity exists, as members of the proposed class are citizens of "a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  According to the Complaint, Plaintiff is a citizen of the State of Connecticut.[17]  MD Now is a Florida corporation with its principal place of business in Tennessee.[18]  As a result, MD Now is considered a citizen of both Florida and Tennessee for jurisdictional purposes.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *see also Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 957 (6th Cir. 2017) (holding that 28 U.S.C. § 1332(d)(2)(A) incorporates dual citizenship for corporations); *Life of the S. Ins. Co. v.*

---

[17] *Id.* ¶ 15.
[18] *Id.* ¶ 29.

7


LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305 347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954 384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813 284.4002

*Carzell*, 851 F.3d 1341, 1344-46 (11th Cir. 2017) (same); *Johnson v. Advance Am.*, 549 F.3d 932, 935-36 (4th Cir. 2008) (same).

20.  Because at least one member of the putative class, namely Plaintiff, is a citizen of Connecticut, and MD Now is a citizen of Florida and Tennessee, CAFA's minimal diversity requirement is met.

### D.  The Remaining Requirements of the Removal Statute Are Met

21.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a) because the U.S. District Court for the Southern District of Florida is the federal judicial district embracing Broward County, Florida, where the State Court Action was originally filed.

22.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court clerk.

23.  MD Now has not attempted to remove this Action previously.

24.  The prerequisites for removal under 28 U.S.C. § 1441 have been met.

### III.  CONCLUSION

25.  Based upon the foregoing, MD Now hereby removes this Action from the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

Dated: September 25, 2024                     Respectfully submitted,

/s/ *Martin B. Goldberg*
**Martin B. Goldberg**
Florida Bar No. 827029
Primary:  mgoldberg@lashgoldberg.com
Secondary: rdiaz@lashgoldberg.com
**Lynnette Cortes Mhatre**
Florida Bar No. 1052015

8


LASHGOLDBERG.COM

MIAMI  100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305 347.4040 • Fax: 305.347.4050
FT. LAUDERDALE  2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954 384.2510
TAMPA  142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813 284.4002

                        Primary: lmhatre@lashgoldberg.com
                        Secondary: obencomo@lashgoldberg.com
                        LASHGOLDBERG
                        Lash Goldberg Fineberg LLP
                        Miami Tower
                        100 SE 2nd Street, Suite 1200
                        Miami, FL 33131-2158
                        Phone: (305) 347-4040
                        Fax: (305) 347-3050

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the counsel of record in the below service list via email.

                        By: */s/ Martin B. Goldberg*
                            **MARTIN B. GOLDBERG**

**Service List**
Mariya Weekes
Milberg Coleman Bryson Phillips Grossman PLLC
201 Sevilla Avenue, 2nd Floor,
Coral Gables, FL 33134
(786) 879-8200
mweekes@milberg.com

Jeffrey Ostrow
Caroline Herter
Kopelowitz Ostrow Ferguson Weiselberg Gilbert
One West Las Olas Blvd., Ste. 500,
Fort Lauderdale, FL 33301
(954) 525-4100
ostrow@kolawyers.com
herter@kolawyers.com



LASHGOLDBERG.COM

MIAMI 100 SE 2nd St., Ste.1200 • Miami, FL, 33131• Tel: 305 347.4040 • Fax: 305.347.4050
FT. LAUDERDALE 2500 Weston Rd., Ste. 220 • Weston, FL, 33331 • Tel: 954.384.2500 • Fax: 954 384.2510
TAMPA 142 West Platt St., Ste.118 • Tampa, FL, 33606 • Tel: 813 284.4002